IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENNETH JURINCIE, by his Guardian )
DENISE MALLOY, )
)
          Plaintiff, )
)
v. )   Case No. 05 C 4585
)
)   HONORABLE CHARLES R. NORGLE
AG TRUCKING, INC., TRITAN, INC., )
and DAVID A. VOLTZ, )
)
          Defendants. )

**OPINION AND ORDER**

CHARLES R. NORGLE, Sr., District Judge:

Before the court is Defendant AG Trucking Inc.'s Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a). For the following reasons, the court grants the Defendant's Motion to Transfer and orders the clerk to transfer this case to the Northern District of Indiana.

**I. BACKGROUND[1]**

**A. Facts**

This case arises out of a multi-vehicle traffic accident that occurred in Hammond, Indiana between Plaintiff Kenneth Jurincie ("Jurincie") and Defendant AG Trucking, Inc. ("AG"). On March 31, 2005, Jurincie and David A. Voltz ("Voltz"), an employee of AG, collided in a head on accident on U.S. Highway 41 near 120th Street, and then Jurincie struck a third vehicle. According to Jurincie, Voltz caused the accident by negligently operated his vehicle by driving

---

[1] The background information is taken from Plaintiff's Complaint, Defendant's Motion to Transfer, and Plaintiff's Response to the Motion to Transfer.

1

on the wrong side of the road. Upon impact, Jurincie's vehicle collided with a third vehicle, operated by Artie Bhagwandeen ("Bhagwandeen"). A fourth car, driven by Gary Michalik ("Michalik") swerved to avoid the collision and hit the street-curb as a result. The Hammond Police Department and Fire Department arrived on the scene and airlifted Jurincie to a hospital in Illinois. Jurincie claims that the impact of the collision caused him serious and severe injuries that caused him extreme pain and suffering.

At the time of the accident, Jurincie was a citizen of Illinois, Voltz was a citizen of Indiana, and AG was an Indiana corporation with its principle place of business in Indiana. Tritan merged with AG in March 2002. Both Bhagwandeen and Michalik are citizens of Indiana, as are the five Hammond Police officers and the several Fire Department personnel who arrived on the scene. As a result of the accident, Jurincie was rendered completely disabled, was appointed a guardian, and incurred substantial medical bills.

## B. Procedural History

On June 23, 2005, Jurincie filed his Complaint in the Circuit Court of Cook County, Illinois. Then, on August 10, 2005, AG filed its Notice of Removal in the United States District Court for the Northern District of Illinois. Subsequently, on September 9, AG filed its Motion to Transfer Venue. Jurincie filed his Response on September 29, and AG Replied on October 7, 2005. Defendant's Motion to Transfer Venue is fully briefed and before the court.

## II. DISCUSSION

A district court may transfer a case pursuant to 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). Under this section, transfer is proper if: (1) venue is proper in both the

transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) the transfer is in the interest of justice. See Boyd v. Snyder, 44 F. Supp. 2d 966, 968 (N.D. Ill. 1999). The moving party bears the burden of demonstrating that the transferee forum is the more convenient forum. See Heller Fin., Inc v. Midwhey Powder Co. Inc., 883 F.2d 1286, 1293 (7th Cir. 1989). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986).

## A. Venue

The parties do not dispute that venue is proper in both the Northern District of Illinois and the Northern District of Indiana. The action could have been brought in Indiana because under 28 U.S.C. § 1391(a)(1), venue is proper in "a judicial district where any defendant resides." Here, Defendant AG and Voltz are citizens of Indiana, and Jurincie is a citizen of Illinois. However, the parties dispute whether the transfer will serve the convenience of the parties and witnesses and the interests of justice.

## B. Convenience of the Parties and Witnesses

In evaluating the convenience and fairness of transfer under § 1404(a), the court must consider both the private interests of the parties and the public interest of the court. The private interests of the parties include: (1) plaintiff's choice of forum, (2) situs of material events, (3) relative ease of access to sources of proof in each forum, including the court's power to compel appearance of unwilling witnesses at trial, and (5) costs of obtaining attendance of witnesses. Public factors include the court's familiarity with applicable law and the desirability of resolving controversies in their locale. Medi USA, L.P. v. Jobst Institute, Inc., 791 F. Supp. 208, 210 (N.D. Ill. 1992) (Norgle, J.); see generally 15 Charles A. Wright, Arthur R. Miller & E. Cooper,

3

Federal Practice and Procedure §§ 3849-53 (1986).

Considering all of the Medi USA factors, the court finds that transfer is appropriate. First, a plaintiff's choice of forum is given substantial weight, see In re National Presto Industries, Inc., 347 F.3d 662, 663 (7th Cir. 2003), however this factor is not usually dominant. See Medi, 791 F. Supp. at 210. Furthermore, it is not the only factor a court must consider. See Van Holdt v. Husky Injection Molding Systems, Ltd., 887 F. Supp. 185, 188 (N.D. Ill. 1995). Jurincie argues that there is a substantial presumption in favor of the plaintiff's home forum. "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." In re National Presto Industries, Inc., 347 F.3d at 664 (citing Zelinski v. Columbia 300, Inc., 335 F.3d 633, 643 (7th Cir. 2003)). "Rarely, however, is not never." Zelinski, 335 F.3d at 664. A plaintiff's choice of forum is usually not the determinative factor. See Van Holdt, 887 F. Supp. at 188. There are other significant factors in this case, such as the location of 8 possible witnesses who reside in Indiana, location of documents such as accident reports, and the use of Indiana law to determine liability.

Jurincie also claims that the Northern District of Illinois is substantially more convenient by virtue of the fact that AG "operates a terminal at 7625 W. 59th St., Summit, Il. . . and has a base of operations and regularly does business within the State of Illinois." Pl.'s Resp. to Mot. to Transfer Venue, at 3. However, AG's main location is in Indiana, only 21 miles away from downtown Chicago. Furthermore, the fact that AG has a location in Illinois has little, if anything to do with the liability of AG in an automobile accident in Hammond, or the location of the witnesses to that accident.

Second, a majority of the material events that led to the cause of action occurred in Indiana. This case is based on a negligence claim for an automobile collision in Hammond,

4

Indiana. All of the occurrence witnesses are located in Hammond, as are the police officers who arrived on the scene, and the fire department who airlifted Jurincie to the Illinois hospital. The only significant events that occurred in Illinois in this case are the ongoing medical treatments Jurincie receives as a result of the accident.

Third, the relative ease of access to sources of proof in each forum dictate that the court must rule in favor of transfer. All of the potential witnesses are located in Indiana, as are the relevant documents such as the police reports that relate to this case. Only Jurincie lives in Illinois, the rest of the parties and witnesses are residents of Indiana. Furthermore, Bhagwandeen and Michalik are currently involved in litigation in the Northern District of Indiana related to this case. It would therefore be more convenient for these witnesses to testify in both proceedings in the Northern District of Indiana, instead of forcing them to travel to Chicago for one case, and back to Indiana to testify in a related matter.

Jurincie's argument is that because he is engaged in ongoing medical treatment in Illinois, this forum is substantially more convenient than the Northern District of Indiana. However, the majority, if not all, of the witnesses live in Indiana, and that the material facts that lead to his injuries occurred in Hammond. The mere fact that Jurincie chose Illinois as the form state is therefore not a determinative factor. See Van Holdt, 887 F. Supp. at 188.

Fourth, convenience of the parties and cost of litigation favor transfer. A court will not grant a motion to transfer if it will merely shift the inconvenience from one party to another. See Media USA, L.P., 791 F. Supp. at 211. It is more convenient to transfer this case to the Northern District of Indiana because all the material facts in this cause of action occurred in Hammond. In any transfer case, one party will necessarily suffer a minimal amount of inconvenience if it is required to travel to another jurisdiction, that cannot be avoided. However, the distance between

5

the Northern District of Illinois and the Northern District of Indiana is not so great as to inconvenience either party. Either party can easily make the 21 miles drive from Chicago to Hammond to try the case in the Northern District of Indiana. Jurincie has not addressed the fact that a majority of the witnesses to the accident are located in Indiana. Instead, he states that, "the lion's share of witnesses on the issue of damages is located in Illinois." Pl.'s Response, at 6. However, Jurincie does not address the fact that the majority, if not all, of the occurrance witnesses are located in Indiana. The only contact this case has with Illinois is that Jurincie has received medical treatment at Illinois hospitals. Such contact is not sufficient to justify the denial of the Motion to Transfer Venue.

**C. Interest of Justice**

The interest of justice factor pertains to the "efficient administration of the court system," and is a distinct and "separate component of a § 1404(a) analysis." See Coffey, 796 F.2d at 220-1. This factor may require the court to deny a motion to transfer, even though the court would otherwise find the original forum inconvenient for the parties and witnesses. See id. The interest of justice factor includes such issues as the speed at which the case will proceed to trial, the feasibility of consolidation, the court's familiarity with applicable law, the local interest in having controversies decided at home, and issues related to injunctive relief. See id. at 221; see also Law Bulletin Publishing Co. v. LRP Publications, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998).

First, AG presents evidence to show that the Northern District of Illinois' docket contains 7,706 cases pending, while the Northern District of Indiana has 2,453 pending cases. See Def.'s Mot. to Transfer, Ex. W. Therefore, transferring the case to Indiana would necessarily result in a speedier resolution of this matter. Second, an interpleader action is pending in the Northern District of Indiana brought by AG's insurer regarding the same facts as this case. The Northern

District of Indiana will hear the same material facts underlying this claim in the interpleader action. As a result, this case should be transferred to the court that is already familiar with the facts of the case. Third, both federal district courts are familiar with the applicable law, as "federal courts today should be capable of ascertaining and applying the laws of any state." Murphy v. Avon Prod., Inc., 88 F. Supp. 2d 853 (N.D. Ill. 1999). Fourth, Indiana has a local interested in adjudicating cases which involve significant bodily harm that occur on its own roadways. The Defendants are all Indiana residents and have an interest in a court in their own state deciding liability and damages. Lastly, there are no issues of injunctive relief for this court to decide.

For all these reasons, the interest of justice will be served by transferring this case to the Northern District of Indiana.

### III. CONCLUSION

For the reasons stated above, the court grants the Defendant's Motion to Transfer. The court orders the clerk of the court to transfer the entire case file to the Northern District of Indiana.

IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES RONALD NORGLE, SR. Judge

United States District Court

DATED: 10/14/05